**Donald L. CAMP, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**84–1687.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1985.

Decided June 21, 1985.

Art Dodrill, Hobbs, N.M., for appellant.

A. Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Donald L. Camp appeals from the District Court's order upholding the Secretary's finding that his disability began on December 12, 1977, and terminated on September 1, 1981. Since Camp's request for judicial review of his termination was pending on September 19, 1984, the date specified in the Social Security Disability Benefits Reform Act of 1984, we remand his case to the Secretary for review in accordance with the 1984 amendments.

■ On March 2, 1982, an ALJ found that Camp was disabled and entitled to benefits with an onset date of January 1, 1977. The Appeals Council reversed in part, finding that Camp had been disabled between December 12, 1977, and September 1981, but not before or after those beginning and ending dates. The District Court affirmed this finding. Following the District Court's decision, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 2(a), 98 Stat. 1794 (1984). The 1984 Act sets out new standards for the termination of disability benefits and requires that an "action relating to medical improvement" which was pending on judicial review on September 19, 1984, be remanded to the Secretary for reconsideration. *Id.* at § 2(d)(2). Section 2(d)(6) defines "action relating to medical improvement" to include cases where entitlements are terminated and cases where a period of disability is ended. Since Camp's case was pending on the indicated date and involves the ending of a period of disability, we vacate the judgment of the District Court and remand the cause to that court with directions to remand to the Secretary for review under the new termination standards.

■ We recognize that this case has been pending too long already, and that both sides might be better served by a decision on the merits now. We read the new statute, however, as mandatory, and we have no choice but to remand in accordance with its terms.

Vacated and remanded with directions for remand to the Secretary.