Donald L. CAMP, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–1687.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1985.

Decided Jan. 8, 1986.

Art Dodrill, Little Rock, Ark., for appellant.

A. Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ARNOLD, and FAGG, Circuit Judges and BRIGHT, Senior Circuit Judge.

PER CURIAM.

This is a social-security disability case. In our previous opinion, filed on June 21, 1985, *Camp v. Heckler,* 765 F.2d 729 (8th Cir.1985) (per curiam), we held that the case had to be remanded to the Secretary for further findings by reason of the mandatory provisions of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 2(d), 98 Stat. 1794 (1984). The Secretary found that Camp was under a disability beginning on December 12, 1977, but that the disability terminated on September 1, 1981. This finding, we believed, made it necessary to categorize this case as an "action relating to medical improvement" within the meaning of § 2(d)(6) of the Reform Act. That term includes cases in which an entitlement to disability payments is terminated by an administrative finding that a disability, once found, has ceased to exist.

The Secretary petitioned for rehearing, and, on October 9, 1985, we granted her petition. Thus, the prior panel opinion is vacated and withdrawn, and the case is again before us for decision.

On reconsideration, we now hold that this is not an "action relating to medical improvement" within the meaning of the Reform Act. As the Secretary points out, this is a case in which she determined

in a single proceeding the fact of Camp's disability, the extent of the disability, and the duration of the disability. Thus, this is not, properly speaking, a "termination" or "cessation" case, in which a claimant who was already a recipient of monthly benefits as a result of a favorable decision on a prior application is determined to be no longer disabled, and thus has his benefits terminated, as a result of a subsequent review of his disability and a new decision by a different adjudicator. Section 2(d)(6) of the Reform Act, which defines the term "action relating to medical improvement," contemplates that mandatory remand will take place only in cases "of a prior determination that the individual was under a disability." This reference to a "prior determination," we think, is more naturally read as referring to a previous decision in favor of disability, followed by the claimant's receipt of benefits, further followed by a new proceeding resulting in cessation or termination on the ground of medical improvement. *Cf. Taylor v. Heckler*, 769 F.2d 201 (4th Cir.1985) (distinguishing between termination of currently received benefits and determination of discrete period of disability).

Therefore, we now reject our prior conclusion that this action must be remanded for further findings of fact, and we turn to the merits of the appeal.

The ALJ[1] found that claimant was disabled, and that the disability began on January 1, 1977. On review by the Appeals Council, this finding was rejected in part. According to the Appeals Council, disability did not begin until December 12, 1977, and it ended in September, 1981. Accordingly, under the view of the Appeals Council, Camp's entitlement to disability benefits ended in November of 1981.

Our task is to review the decision of the Secretary, embodied in the opinion of her Appeals Council. The question presented is whether the Appeals Council's findings as to the duration of Camp's disability are supported by substantial evidence. It is these findings that we review, not those of the ALJ. The fact that the Appeals Council's findings diverge from those of the ALJ, however, is relevant to the determination whether the record contains substantial evidence to support the view that the Council took. Here, we have no difficulty in accepting the conclusion that Camp's disability did not begin until December of 1977. His major problems appear to be emotional, and the Appeals Council points out that there is nothing in the evidence to suggest that he had any psychological or emotional problems before December of 1977.

■ As to the finding that disability ceased in September, 1981, however, we come to a different conclusion. This finding is not supported by substantial evidence. It fails to defer sufficiently to the ALJ's discriminating and perceptive evaluation of the evidence and of the claimant's and his wife's credibility as witnesses. The Appeals Council, which of course did not see the witnesses, states that the claimant's allegations of constant, severe pain are not credible, but this statement, especially in the face of a contrary conclusion by the ALJ, lacks substantial support in the record.

The Appeals Council seems to have been especially impressed by the psychiatric report of Robert L. Lewis, M.D., dated September 10, 1981. This report appears to have persuaded the Council that Camp's psychological problems had largely been resolved in September of 1981. The Council points out, correctly, that Dr. Lewis found that Camp's "conversion reaction" did not prevent him from performing simple, repetitive tasks and responding appropriately to co-workers or supervisors. But Dr. Lewis's report also states that Camp's abilities to relate to other people, to understand, carry out, and remember instructions, and to perform varied tasks are moderately impaired, and that these limitations can be expected to last for 12 months or longer. According to Dr. Lewis, Camp's prognosis at the time was "[p]oor.... He

---

1. The Hon. William H. Schulze.

might do well as a Rehab student, but his passivity would seem to indicate that the Rehab counselor would have to take an active role in getting him lined up to enter training." R. 242.

We cannot agree that this most recent psychiatric report shows such improvement in Camp's ability to function as to justify the conclusion that his disability, which concededly began in 1977, had ceased in 1981. There is evidence in the record supporting the Appeals Council's finding, but the evidence is not, in our view, "substantial."

Accordingly, the judgment of the District Court, granting the Secretary's motion for summary judgment, is affirmed insofar as the Secretary held that Camp's disability did not begin until December 12, 1977. To the extent that it approved a finding that disability ceased in September of 1981, however, the judgment is reversed, and the cause remanded to the District Court with directions to remand to the Secretary for computation and payment of benefits from and after November of 1981.

It is so ordered.

FAGG, Circuit Judge, dissenting.

I respectfully dissent. From a review of the record, I find substantial evidence to support the Secretary's decision that Camp's period of disability ended in September 1981. The Secretary held that although Camp occasionally experiences severe pain during episodes of gouty arthritis, "these episodes are brief, occur infrequently, and do not prevent him from engaging in substantial gainful activity for any continuous 12 month period." This finding is clearly supported by the medical evidence in the record.

The Secretary further observed that Camp suffered from a "depressive neurosis" from December 12, 1977, to September 1981, which resulted in a finding of disability. The Secretary stated, however, that while Camp still suffered from a "conversion reaction" in September 1981, this condition did not prevent him "from perform-

ing simple, repetitive tasks and responding appropriately to co-workers or supervisors." I agree with the court that this finding was based on the psychiatric report submitted by Dr. Robert L. Lewis, dated September 10, 1981.

I do not, however, agree with the court that this report did not constitute substantial evidence to support the Secretary's decision that Camp's psychological problems had diminished to the extent that he was able to return to his past relevant work as a tile layer and heavy equipment operator. The Secretary found that by the time of Dr. Lewis' psychiatric report, "the depression had resolved, and the claimant was observed to be in good humor." This finding is supported by Dr. Lewis' report.

The court correctly observes that Dr. Lewis' psychiatric report "also states that Camp's abilities to relate to other people, to understand, carry out, and remember instructions, and to perform varied tasks are moderately impaired, and that these limitations can be expected to last for 12 months or longer." *Ante* at 722. Irrespective of these limitations, I conclude that the Secretary's decision is supported by substantial evidence. Indeed, the effect of these limitations on Camp's ability to perform his previous job tasks were addressed by the vocational expert who, in response to a hypothetical question, concluded that Camp would still be able to perform his past relevant work.

Accordingly, I would affirm the Secretary's decision.