**Christine NESS, Appellant,**

**v.**

**Louis W. SULLIVAN, M.D.,[1] Secretary
of Health and Human
Services, Appellee.**

**No. 89–5100.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1989.

Decided May 30, 1990.

---

1. Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human Services on March 1, 1989, and is substitut- ed as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d)(1).

Ethel Schaen, St. Paul, Minn., for appellant.

Michael C. Messer, Chicago, Ill., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Christine Ness appeals from a district court[2] order granting summary judgment, which affirmed a decision by the Secretary of Health and Human Services (Secretary) to limit Ness' social security disability benefits to a closed period from October 4, 1985, through May 1, 1987. Ness argues that the Secretary's decision to so limit her benefits should be reversed because it is not supported by substantial evidence on the record as a whole. We reverse the district court's order and remand this case to the district court for remand in turn to the Secretary for further proceedings consistent with this opinion.

Ness applied for Social Security Disability Insurance Benefits on August 13, 1986, claiming a disability beginning July 20, 1985, stemming from heart problems. Ness' application was denied, as was her Request for Reconsideration. A hearing was subsequently held before an Administrative Law Judge concerning Ness' claim. The ALJ, following a hearing on May 20, 1987, concluded that Ness was entitled to a closed period of disability from October 4, 1985, through May 1, 1987. Ness' request that the Appeals Council review and reverse the ALJ's decision was denied on February 1, 1988, thus making the ALJ's decision the final decision of the Secretary.

Ness then sought review of the Appeals Council's decision in United States District Court. (Jt.App. at 1). A United States Magistrate[3] reviewed Ness' claim and recommended in his report, dated November 18, 1988, that the district court affirm the Secretary's decision, grant the Secretary's motion for summary judgment, and deny Ness' motion for summary judgment. (Jt. App. at 30–48). On January 10, 1989, the district court affirmed the Secretary's decision based on the Magistrate's Report and Recommendation and granted the Secretary's motion for summary judgment. (Jt. App. at 52).

On October 4, 1985, Ness, then thirty-five years old, experienced a myocardial infarction. As a result, Ness had a coronary artery bypass operation in December 1985, and, after later angiography revealed an occlusion caused by scarring, had a second bypass operation in August 1986. In February 1987, Ness consulted a psychiatrist, Dr. Leonard T. Fielding, because she was experiencing depression. Dr. Fielding prescribed Elavil, which improved her condition, but, according to Dr. Fielding, could also pose a significant risk to Ness in light of her cardiac problems. In addition to her cardiac problems, Ness has been diagnosed as suffering from exogenous obesity, essential hypertension, gestational diabetes, and hirsutism.

---

**2.** The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

**3.** The Honorable J. Earl Cudd, United States Magistrate for the District of Minnesota.

Ness testified before the ALJ that she cared for her two young children, did housework that did not require heavy lifting, prepared meals, walked two miles three times per week, and enjoyed fishing, reading, sewing, and watching television. Dr. Fielding, in a letter in the record considered by the ALJ, stated that while Elavil improved Ness' depression, "a significant risk is involved in giving tricyclic antidepressants to people who have had significant cardiac problems.... [T]he risk is significant for a total cardiac arrhythmia resulting in death."

In evaluating Dr. Fielding's observations, the ALJ noted that:

> Although Dr. Fielding stated that claimant remains unable to work, the undersigned finds his opinion is not consistent with the record as a whole, nor with the undersigned's observations of the claimant at the hearing. It is apparent that the medication has significantly improved claimant's level of depression. She did not appear to be depressed at the hearing, she did not appear to be unhealthly [sic]. Her range of activities and interests is inconsistent with a "severe" level of depression. Thus, the undersigned gives Dr. Fielding's opinion regarding claimant's present level of mental impairment, little weight.

The ALJ found that Ness, after the second bypass procedure, had suffered from depression enough to be entitled to benefits, but was not convinced that her depression remained that severe. This finding was primarily based upon the fact that Ness was able to perform household tasks and care for her two children. Accordingly, the ALJ concluded that, while Ness could not resume her earlier work as a licensed practical nurse, there were other jobs available to her, and she had the ability to engage in substantial gainful activity in a range of occupations. The ALJ specifically found that Ness' testimony was credible, that the medical severity of her conditions had de-

creased, and that she was disabled "from October 4, 1985, through May 1, 1987, but not thereafter."

The Appeals Council found that there was no basis for reviewing Ness' claim, thus making the ALJ's decision the final decision of the Secretary. The magistrate that considered Ness' claim reviewed the administrative record and recommended affirming the Secretary's decision. (Jt.App. at 30–48). The district court accepted the magistrate's recommendation and affirmed the Secretary's final decision. (Jt.App. at 52).

## I.

The Secretary and this court must apply a five-step analysis in evaluating alleged disabilities. *Brown v. Bowen*, 794 F.2d 703, 705–06 (D.C.Cir.1986); *see* 20 C.F.R. § 404.1520 (1989). The Secretary, adopting the findings of the ALJ, held that Ness had met all five of these requirements until May 1, 1987. After that date, however, the Secretary, through the ALJ, concluded that Ness was capable of performing gainful work and thus could no longer be considered disabled. *See* 20 C.F.R. § 404.1520. It is this final determination that is at issue in this case.

■ Our review in this matter is limited to determining whether the Secretary's decision that Ness was capable of performing gainful work after May 1, 1987 is supported by substantial evidence on the record as a whole. *See Camp v. Heckler*, 780 F.2d 721, 722 (8th Cir.1986) (per curiam).[4] It is well-established that substantial evidence constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). "In determining whether the Secretary's decision is sup-

---

4. *See* Annotation, *Social Security: Applicability of Medical–Improvement Standard in Determining Continuing Eligibility for Disability Benefits to "Closed Period" Beneficiaries*, 93 A.L.R. Fed. 161 (1989).

We recognize that other circuits have applied the medical improvement standard in such cases. *Camp* rejected this standard in closed period cases and *Camp* is the law of this circuit.

ported by substantial evidence on the record as a whole, the court must take into consideration the weight of the evidence in the record both for and against the conclusion reached." *Fowler v. Bowen*, 866 F.2d 249, 252 (8th Cir.1989). After considering the record in this case, including evidence both for and against the conclusion reached, we are convinced that the Secretary's decision is not supported by substantial evidence.

## II.

Ness advances three arguments to support her position that the Secretary's decision is not supported by substantial evidence. We consider these arguments in turn.

## A.

 Ness first argues that the Secretary failed to consider the combined effects of her separate impairments and that the ALJ improperly substituted his own opinions for those of the treating physician, Dr. Fielding. "The Secretary is required by the 1984 amendments to the Social Security Act to determine whether the combined effect of a claimant's impairments render him or her disabled." *Anderson v. Heckler*, 805 F.2d 801, 805 (8th Cir.1986); *see* 42 U.S.C. § 423(d)(2)(C) (Supp.V.1987). These considerations come to bear uniquely in this case where the medication that eases Ness' depression poses a risk to her cardiac problems. Although the ALJ recognized that the improvement in Ness' depression was caused by Elavil, he failed to consider Dr. Fielding's statement that:

> a significant risk is involved in giving tricyclic antidepressants to people who have had significant cardiac problems. Thus, while she may not be terribly uncomfortable from the side effects of the medications, *the risk is significant for a total cardiac arrhythmia resulting in death.*

(Emphasis added). We are convinced that the ALJ failed to consider the combination of Ness' cardiac and psychiatric impairments, and that he failed to follow the 1984 amendments to the Social Security Act with respect to the combined effect of impairments. *See* 42 U.S.C. § 423(d)(2)(C). Moreover, by substituting his observation that Ness did not appear to be depressed or unhealthy during the hearing for the medical judgment of Dr. Fielding that Ness was still suffering from depression, the ALJ ignored the law of this circuit, which states that the ALJ must not substitute his opinions for those of the physician. *See Fowler*, 866 F.2d at 252.

## B.

 Ness next argues that the Secretary failed to apply the standards of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984), when evaluating her complaints of fatigue and when considering the psychological origins of her non-exertional complaints. In *Polaski*, we held that the adjudicator must give full consideration to all evidence relating to subjective complaints for determining disability, which includes:

> the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; [and] 5. functional restrictions.

*Id.* at 1322.

Ness' complaints of fatigue and pressure were confirmed by Dr. Fielding's testimony. Regardless, when reviewing Ness' subjective complaints, the ALJ failed to carefully consider the applicability to Ness of several of the *Polaski* factors, including: (1) Ness' work record; (2) the fact that Ness was taking five medications; (3) whether Ness' complaints were psychological in origin; and (4) whether requiring Ness to work with a heart condition and depression could exacerbate those problems. On remand, we believe that both these omissions and the factors set forth in *Polaski* should be thoroughly reviewed.

## C.

 Finally, Ness argues that the Secretary's decision was based, at least in part,

on a hypothetical question, posed to the vocational expert by the ALJ during Ness' hearing, which failed to take into account her non-exertional limitations. Ness stated that she rests for from one and one-half to two hours per day. Although she did indicate that she might be able to work with only one hour of rest, it is neither clear that she would be able to take such a rest during a standard lunch hour, nor that one hour of rest would be sufficient. The hypothetical question posed by the ALJ to the vocational expert failed to explicitly include any rest periods. When questioned about rest periods, the vocational expert stated that none of the jobs that she had mentioned could accommodate a two-hour rest period.

We have "repeatedly held that vocational testimony elicited by hypothetical questions that fail to relate with precision the physical and mental impairments of the claimant cannot constitute substantial evidence to support the Secretary's decision." *Bradley v. Bowen*, 800 F.2d 760, 763 n. 2 (8th Cir.1986). The ALJ's failure to include rest periods in his hypotheticals forecloses the use of the vocational expert's testimony to support the Secretary's decision in this case.

### III.

After reviewing the record in this case, we conclude that the Secretary's decision is not supported by substantial evidence. We thus reverse the order of the district court and remand to that court for remand in turn to the Secretary for further proceedings consistent with this opinion.