69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leland BROWN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7030.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[2]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Leland Brown appeals from a district court's order affirming the Secretary's decision to deny his application for social security benefits. Plaintiff argues that the Administrative Law Judge (ALJ) applied the incorrect legal standards in evaluating the evidence and that his finding is not supported by substantial evidence.
 
 
 3
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 4
 Plaintiff was fifty-four years old when he applied for benefits on August 19, 1992. He alleged that he had been disabled since September 24, 1975, due to back problems and back pain. He has had back surgery in 1980 and 1981 and again in 1991 and 1992. He has a twelfth-grade education and his past work included small arms repair, mess sergeant, and floor layer mechanic.
 
 
 5
 On the basis of medical records and testimony by the plaintiff and a vocational expert, the ALJ found that plaintiff was "physically limited to the point that he could not perform any work" from January 1980 (when he was injured in a fall) through August 1982, a year after plaintiff's second spinal fusion surgery. See II R. 16. The ALJ further found, however, that
 
 
 6
 [T]here are no records for the year 1983 and the absence suggests that he was not experiencing any medical difficulties. This absence of medical records or medical opinion that he was disabled and the report of a solid fusion points to medical improvement and ... by at least August, 1982, ... he had had medical improvement related to his ability to work and that while he would have had limitation to his functional capacity, he was no longer disabled.
 
 
 7
 There are no records from March 8, 1984 [when an examination stated there was good fusion and plaintiff appeared healthy and looked to "be doing well"] until April 16, 1987 and while the 1987 records reflect moderately increased reflexes and sensory deficit involving the skin of both legs, he had no atrophy from disuse of muscles as would be expected in an individual who was as significantly physically limited as he claims, and he had adequate muscle strength. This record fails to establish inability to perform all work activity and the record is again silent until 1991.
 
 
 8
 Id. The ALJ determined that plaintiff was disabled from January 1980 through August 1982; this disability began prior to the time he last met the disability insured status requirements on March 31, 1981. But because plaintiff failed to file his application while disabled or within twelve months of the month when his disability ceased, he was not entitled to benefits. 20 C.F.R. 404.320(b)(3). Although the ALJ went on to note that plaintiff had further surgery in 1991, which might have led to disability, because he was not insured at that time he was not entitled to benefits. The district court upheld the ALJ's decision based on the magistrate judge's recommendation.
 
 
 9
 On appeal, plaintiff asserts that the ALJ should have applied the eight-step termination standard and the Luna v. Bowen, 834 F.2d 161 (10th Cir.1987), standard for evaluating a nonexertional impairment of pain, and that his decision is not supported by substantial evidence.
 
 
 10
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. See 20 C.F.R. 404.1520.
 
 
 11
 Briefly, the five steps are as follows: (1) A person who is working is not disabled. (2) A person who does not have an impairment or combination of impairments severe enough to limit the ability to do basic work activities is not disabled. (3) A person whose impairment meets or equals one of the impairments listed in the regulations is conclusively presumed to be disabled. (4) A person who is able to perform work she has done in the past is not disabled. (5) A person whose impairment precludes performance of past work is disabled unless the Secretary demonstrates that the person can perform other work.
 
 
 12
 Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (citations omitted). If at any point it can be determined that plaintiff is or is not disabled, the evaluation process ends. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the plaintiff through step four; then it shifts to the Secretary. Id. at 710 (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)).
 
 
 13
 Plaintiff asserts that in this case the ALJ should have applied the eight-part sequential evaluation process used in termination reviews. See 20 C.F.R. 404.1594(f)(1) through (8).[3] He asserts that because the ALJ determined he was disabled at one time, the Commissioner then had the burden to point to specific evidence of medical improvement as required by 42 U.S.C. 423(f). We disagree. The medical improvement standard applies only to termination cases, not to later applications for benefits. See Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990); Camp v. Heckler, 780 F.2d 721, 721-22 (8th Cir.1986); cf. Glenn v. Shalala, 21 F.3d 983, 987 n. 1 (10th Cir.1994). It was plaintiff's burden to prove he was disabled continuously from a date within the period he was insured (on or before March 31, 1981) until within twelve months of the date of his application, filed August 19, 1992.
 
 
 14
 Plaintiff next asserts the ALJ should have applied the Luna standard in assessing whether he was disabled by pain.
 
 
 15
 If a pain-producing impairment is demonstrated by objective medical evidence, the decision maker must consider the relationship between the impairment and the pain alleged.... If an appropriate nexus does exist, the decision maker must then consider all the evidence presented to determine whether the claimant's pain is in fact disabling.
 
 
 16
 Luna, 834 F.2d at 163. Here, however, it is clear that the ALJ determined that plaintiff did not show a "pain-producing impairment ... demonstrated by objective medical evidence" until long after August 1982. Thus, the ALJ was not required to go beyond the first prong of Luna. In any event, he did consider all of the evidence and concluded the pain was not in fact disabling.
 
 
 17
 Finally, claimant argues that the ALJ's determination that he was not disabled after 1982 is not supported by substantial evidence. But as the magistrate judge pointed out, there is evidence in the record supporting the ALJ's determination. See, e.g., II R. 203 (Ron Woosley, M.D. in a report dated 7/29/91 stated, "The patient states that approximately six months ago he began having problems with his back."). We agree with the district court that substantial evidence supports the Secretary's decision that because plaintiff did not file his application for benefits while disabled (during a time he met the disability insured status requirements) or within twelve months of when his disability ceased in August 1982, he is not eligible for disability insurance benefits.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 This evaluation includes the following:
 
 
 [1]
 Is beneficiary performing any work constituting substantial gainful activity?
 
 
 [2]
 Does current impairment meet or equal listed impairment?
 
 
 [3]
 Has there been medical improvement?
 
 
 [4]
 If so, is it related to the claimant's ability to do work, i.e., has there been an increase in the residual functional capacity (RFC) based on the impairment(s) present at the time of the most recent favorable medical determination?
 
 
 [5]
 If there has been no medical improvement, or if such improvement is not related to claimant's ability to work, do any of the exceptions to medical improvement apply? (See id. at 404.1594(d)-(e) for list of exceptions.)
 
 
 [6]
 If the medical improvement is related to ability to do work, or if one of the exceptions found in 404.1594(d) apply, then are all the current impairments in combination severe?
 
 
 [7]
 Considering all current impairments, does beneficiary have sufficient RFC to do past relevant work?
 
 
 [8]
 In addition, considering age, education, and past work experience, does beneficiary have sufficient RFC to perform other work?
 See 20 C.F.R. 404.1594(f)(1) through (8).