F I L E D
United States Court of Appeals
Tenth Circuit

DEC 4 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EDDIE M. PITTSER,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,[*]

     Defendant-Appellee.

No. 97-5027
(D.C. No. 95-CV-402)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[***] District
Judge.

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Eddie M. Pittser appeals the Commissioner's denial of his application for social security disability benefits. Because we find the decision of the Administrative Law Judge (ALJ) to be supported by substantial evidence, and that the law was correctly applied, we affirm.

Plaintiff contends he is disabled because of back pain stemming from an on-the-job injury to his back in 1987. Plaintiff has since undergone three surgical procedures in an attempt to alleviate his pain, the last of these surgeries occurring in March 1992. After a hearing, the ALJ determined plaintiff was disabled from April 1, 1987 through May 17, 1993, but not thereafter. He concluded, at step five of the sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988), that "there do exist occupations in the regional economy in significant numbers that claimant can perform regardless of claimant's impairments," Appellant's App. Vol. II at 26, thus precluding a finding of disability.

"This court reviews the [Commissioner's] decision to determine only whether his findings are supported by substantial evidence and whether the

-2-

[Commissioner] applied correct legal standards . . . ." Hargis v. Sullivan, 945

F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

Id. We will not reweigh the evidence or substitute our judgment for that of the

Commissioner. See id.

"Disability" is defined in the Social Security Act as the "inability to engage

in any substantial gainful activity by reason of any medically determinable

physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1)(A). "An individual

shall be determined to be under a disability only if his physical or mental

impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in

the national economy . . . ." Id., § 423(d)(2)(A).

Plaintiff argues mainly that the ALJ, in determining plaintiff was not

disabled, erred in failing to consider the fact that he cannot sit for more than

thirty minutes at a time. Other than plaintiff's testimony, however, there is no

evidence in the record of his inability to sit. Plaintiff's statements of pain alone

cannot be conclusive evidence of disability. See id., § 423(d)(5)(A).

Because back injury could reasonably be expected to produce some pain,

the ALJ was required to consider all relevant evidence when evaluating plaintiff's

-3-

allegation of disabling pain.  See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.

1987).  Contrary to plaintiff's view, however, we find the ALJ properly

considered the relevant evidence in this case.

In concluding plaintiff's allegation of disabling pain was not fully credible,

the ALJ noted:

> the primary reasons that I find claimant's allegations not to be fully
> credible are, but not limited to, the lack of objective findings by
> claimant's treating physicians, the lack of objective findings by
> examining physicians, the lack of medication for severe pain, the
> lack of frequent treatments for pain, the lack of discomfort shown by
> claimant at the hearing.

Appellant's App. Vol. II at 23.[1]

While we agree with plaintiff that, under the circumstances of this case,

plaintiff's lack of medication for severe pain and lack of frequent treatments for

pain may not be as dispositive as in the typical case, the lack of objective findings

from plaintiff's physicians regarding any inability to sit is determinative.  Indeed,

the opinion of plaintiff's treating physician that plaintiff could benefit from

vocational rehabilitation and the indications on the residual functional capacity

forms that plaintiff can sit for six out of eight hours undermines plaintiff's

attempt to establish disability because of an inability to sit.

---

[1]    This explanation adequately supports the ALJ's credibility determination as
required by Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

After having thoroughly studied the record, we identify the following evidence from the record as substantial support for the ALJ's determination:

Eight months after plaintiff's last surgery, plaintiff's treating physician noted:

> [Plaintiff] no longer has any shooting pain into his legs but continues to have pain of [sic] his back which is aggravated by walking or standing for long periods of time. Weather changes also aggravates [sic] his pain and in general the pain is a throbbing type of pain with episodes of sharper symptoms.

Id. at 238.

After noting that, despite the two broken screws in his back, plaintiff's last surgical procedure may well have resulted in "a solid union," the doctor went on to state:

> With respect to his future work capability, I do not feel he will ever get back to that activity requiring manual work and would favor vocational rehabilitation in order to allow him to get into an occupation which he can do without manual stress to his back.

Id. We note that, while the doctor believed plaintiff to be bothered by walking or standing for long periods, no mention is made of any limitation on sitting. Further, the treating physician's opinion that plaintiff would benefit from vocational rehabilitation is inconsistent with plaintiff's claim that he is unable to sit for more than thirty minutes and undermines his effort to prove his disability on this basis.

One year after his last surgery, plaintiff's treating physician reported that:

[Plaintiff] has known fracture of the screws bilaterally at the sacrum and a pseudarthrosis [sic] of the lumbosacral fusion. He has intermittent throbbing back pain which is aggravated by bending, stooping, standing. He also has occasional radiation down the posterior thighs to the knees but not distal to the knees. He is not able to work at manual labor as a consequence of the fact that any time he stretches his back his pain is markedly aggravated.

. . . .

His x-rays today demonstrate what I feel is a solid fusion at the L4-5 level but a persistent pseudarthrosis [sic] at the lumbosacral level. There are no other screws which are fractured.

. . . I do not feel he will ever be able to get back to an occupation which requires manual stress to his back; therefore, I have recommended vocational rehabilitational training to allow him to get into an occupation that does not apply stress to his back.

Id. at 236. Two months later, the doctor was of the same opinion regarding plaintiff's occupational prospects. After reporting that plaintiff had stated his back pain was aggravated "by standing or sitting for any period of time and he is unable to work at any type of manual occupation as a consequence of his occupation [sic]," the doctor observed:

I still feel the patient is unable to be involved in any type of manual labor, stressing his back, and therefore recommend vocational rehabilitation training in order to allow him to get into an occupation that does not apply stress to his back. He does have a pseudoarthrosis at the LS level.

. . . .

. . . I feel he should be involved in vocational rehabilitation training.

-6-

Id. At 235.

An RFC assessment was completed in June 1993 by a consulting physician. That doctor was of the opinion plaintiff could sit for about six hours in an eight-hour workday, see id. at 90, and pain did not further limit his exertional limitation, see id. at 91. After reviewing all the evidence in the file, the same assessment was affirmed by a second consultative physician in August 1993. See id. at 96.

We view this evidence as sufficiently substantial to support the decision of the ALJ to deny disability benefits to plaintiff. While it is clear plaintiff's condition worsens with bending, stooping, or standing, the only reference to a problem with sitting is the doctor's repetition of plaintiff's own statement. The fact that plaintiff's treating physician repeatedly declared plaintiff to be a good candidate for vocational rehabilitation is substantial evidence he is not totally disabled. While we acknowledge the near certainty that plaintiff suffers back pain even while sitting, an inability to work pain-free is not sufficient reason to find plaintiff disabled. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).

As for plaintiff's other arguments, we do not agree that the ALJ improperly relied on the Medical-Vocational Guidelines or posed an improper hypothetical to the vocational expert. The ALJ did not rely solely on the guidelines in arriving at

his decision but considered all relevant evidence, including the testimony of a vocational expert. See Trimiar v. Sullivan, 966 F.2d 1326, 1332-33 (10th Cir. 1992) (explaining role of grids in cases with nonexertional impairments). Further, because the ALJ found plaintiff's allegation of inability to sit was not supported by substantial evidence, he was under no obligation to include that alleged impairment in the hypothetical. See Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir. 1987). Even if the ALJ had included claimant's unsupported complaint in the hypothetical, the vocational expert's opinion based on this hypothetical would not be binding on the ALJ. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990) (vocational expert's opinion based on unsubstantiated impairments in hypothetical not binding on ALJ).

Finally, plaintiff incorrectly argues that, after the ALJ found a closed period of disability, the burden should have shifted to the Commissioner to prove plaintiff's disability had ceased. While the Commissioner must consider medical improvement in a true termination case, see Richardson v. Bowen, 807 F.2d 444, 445 (5th Cir. 1987), this is not a termination case, see Camp v. Heckler, 780 F.2d 721, 721-22 (8th Cir. 1986). Plaintiff cites no law to support his argument; the burden to prove disability rested at all times with plaintiff.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


J. Thomas Marten
District Judge