**Rexanna HAINES, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

No. 4–97–CV–90041.

United States District Court,
S.D. Iowa,
Central Division.

Dec. 29, 1997.

---

**1.** President Clinton appointed Kenneth S. Apfel to serve as Acting Commissioner of Social Security, effective September, 29, 1997, to succeed John J. Callahan. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel is hereby substituted for John J. Callahan as defendant in this action.

H. Edwin Detlie, Ottumwa, IA, for Plaintiff.

Inga Bumbary–Langston, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

Plaintiff, Rexanna Haines, filed a Complaint in this Court on January 17, 1997, seeking review of the Commissioner's decision to deny her claim for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 (1994). This Court may review a final decision by the Commissioner. 42 U.S.C. § 405(g). For the reasons set out herein, the decision of the Commissioner is reversed and remanded for further action.

## BACKGROUND

Plaintiff filed an application for disability benefits on July 13, 1994. Her application was denied initially and upon reconsideration. After a hearing, Administrative Law Judge Jean M. Ingrassia (ALJ) issued a decision on January 22, 1996, denying benefits. On No-vember 21, 1996, the Appeals Council denied Plaintiff's request for review. Plaintiff filed this Complaint on January 17, 1997.

## STANDARD OF REVIEW

When reviewing a denial of benefits, we will uphold the Secretary's final decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Whitehouse v. Sullivan,* 949 F.2d 1005, 1006 (8th Cir.1991). Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion. *Whitehouse,* 949 F.2d at 1006 (Citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). In assessing the substantiality of the evidence, we must consider evidence that detracts from the Secretary's decision as well as evidence that supports it. *Locher,* 968 F.2d at 727 (citing *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir.1984)). We may not, however, reverse the Secretary's decision "merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker,* 730 F.2d at 1150). *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993). In making this inquiry, a court should neither consider a claim de novo nor abdicate it's function to carefully analyze the entire record in conducting the review. *Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir.1975).

## ALJ'S FINDINGS

The ALJ, following the sequential evaluation found at 20 C.F.R. § 416.920, found that Plaintiff has not engaged in substantial gainful activity since July 13, 1994. At the second step, the ALJ found that Plaintiff has severe impairments but did not enumerate which of the alleged impairments were found to be severe. At the third step, the ALJ found that none of Plaintiff's impairments are severe enough to meet or equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. at 31) The ALJ found:

> The claimant has the residual functional capacity to perform the physical exertion requirements of work except for lifting and

carrying more than 10 pounds frequently and 20 pounds occasionally; standing, sitting, and/or walking more than 6 out of 8 hours (with normal breaks and the ability to alternate sitting and standing every hour); and performing jobs that require repetitive stooping, kneeling, crawling, and/or climbing. There are no nonexertional limitations (20 CFR 416.945)

(Tr. at 25)

At the fourth step of the sequential evaluation, the ALJ found that Plaintiff is unable to do her past relevant work as a cashier. At the fifth step, the ALJ found that there are unskilled jobs in the national economy for which Plaintiff has the residual functional capacity. (Tr. at 26)

## DISCUSSION

### SEVERE IMPAIRMENTS

 This record has a number of legal and factual errors which require the Court to remand this case to the Commissioner for further development. First of all, the ALJ, at the second step of the sequential evaluation, states: "The medical evidence establishes that the claimant has severe impairments ..." No where, however, does the ALJ lists which of Plaintiff's impairments are considered to be severe. In order for the Court to make a meaningful review, it is necessary to know which of Plaintiff's impairments the ALJ considered to be severe impairments, within the meaning of the "severe impairment" regulation found at 20 C.F.R. § 416.920(c). This is particularly true in this case because of Dr. Hines' diagnoses of fibromyalgia (Tr. at 199) and depression (Tr. at 197). From this record, it is not possible to know whether or not the ALJ considered these to be severe impairments. If the ALJ had any doubt about either of these diagnoses, she should have sent Plaintiff to the appropriate specialists for evaluations. The appropriate specialist for the evaluation and treatment of fibromyalgia is a rheumatologist, and the appropriate specialist for the evaluation of depression is a psychiatrist. The Court is disturbed by the comments made by the ALJ at the hearing:

Well I think, first of all, fibromyalgia is a diagnosis of exclusion, we know that it means that the doctor doesn't know what's wrong [with] you. And of course, the doctor is going to take the patients word as to her symptoms as credible and so he gives it a label, fibromyalgia, because he can't explain it any other way or he can't explain it objectively and I understand that.... Well what do they diagnose it from except symptoms if there's no testing that you can do?

Tr. at 95. In *Sarchet v. Chater*, 78 F.3d 305, 306–307 (7th Cir .1996), Judge Posner provided us with an excellent discussion of this "common, but elusive and mysterious disease". *Id.* at 306. As Judge Posner makes very clear, fibromyalgia is not a diagnosis of exclusion. Although the symptoms are subjective, there is a test upon which, when done properly by a rheumatologist, a diagnosis can be based. Furthermore, as Judge Arnold made clear in *Easter v. Bowen*, 867 F.2d 1128, 1131 (8th Cir.1989), it is error for an ALJ to substitute her or his judgment for that of the physicians.

 Dr. Hines also said that Plaintiff suffers from "extremely serious" depression. Tr. at 197. Apparently, the ALJ did not consider depression to be a severe impairment because she found: "There are no nonexertional limitations." Tr. at 25. Depression, as well as pain, is a nonexertional impairment. *McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir.1982) (en banc). In *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995) Judge Posner wrote: "Severe depression is not the blues. It is a mental illness; and health professionals, in particular psychiatrists, not lawyers or judges, are the experts on it." Neither the fibromyalgia nor the depression, in the opinion of the Court, were properly developed. The duty to fully and fairly develop the record of a Supplemental Security Income case rests with the ALJ even when the claimant is represented by counsel. *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir.1994). On remand, the ALJ will arrange for consultative examinations by a rheumatologist and a psychiatrist, unless Plaintiff is already being treated by doctors in these specialities, so that proper diagnoses can be obtained.

## RESIDUAL FUNCTIONAL CAPACITY

■ It is well settled Eighth Circuit case law that, having found Plaintiff is unable to do her past relevant work, the burden of proof shifted to the Commissioner to come forward with medical evidence to prove Plaintiff has a residual functional capacity for other work, and that other work exists in significant numbers in the national economy that such a person is able to do. *McCoy v. Schweiker,* 683 F.2d 1138, 1146–47 (8th Cir. 1982) (en banc); O'Leary v. Schweiker, 710 F.2d 1334, 1338 (8th Cir.1983); *Soth v. Shalala,* 827 F.Supp. 1415, 1417 (S.D.Iowa 1993). It is also well settled law that in order to meet the second prong of the Commissioner's burden, in cases where referral to the medical vocational guidelines (Grid) is inappropriate, the ALJ must rely on the testimony of a vocational expert in response to a hypothetical question which precisely sets out the claimant's impairments and limitations. *Ness v. Sullivan,* 904 F.2d 432, 436 (8th Cir.1990).

■ In this case, the only opinion regarding Plaintiff's residual functional capacity is confusing, at best. In a letter dated March 30, 1995, Dr. Hines says: ". . . unequivocally, therefore, that this patient would not be capable of any frequent or even occasional amount of lifting." Tr. at 197. In the next paragraph, however, he says that Plaintiff "cannot lift more than 50 pounds at a time". *Id.* The ALJ, herself, noted the confusing nature of Dr. Hines opinion. Tr. at 97. The ALJ said: "So again, it's difficult to be definitive in the absence of a true functional capacity assessment, which we never seem to have in these social security disability cases." Tr. at 97–98. Thereafter, the ALJ determined that Plaintiff should be able to occasionally lift 20 pounds, frequently lift 10 pounds, stand, sit and walk for six hours out of an eight hour day if she alternates between sitting and standing every hour. Tr. at 98. That residual functional capacity finding is not supported by any medical evidence whatsoever. The burden was on the ALJ to prove with medical evidence that Plaintiff has the residual functional capacity to engage in work activity. *Hunt v. Heckler,* 748 F.2d 478, 480 (8th Cir.1984). On remand, the ALJ shall obtain medical evidence to establish Plaintiff's residual functional capacity either from one or more of Plaintiff's treating physicians, or from one or more consultative examiners. As the Court of Appeals has stated: "Proof [of Plaintiff's ability to work] must be based on a realistic evaluation of claimant's abilities in view of her age, education, training, work experience, and physical and mental capabilities. [citations omitted] Adequate proof cannot be based merely on the theoretical ability of claimant to perform some kind of work." *Rhines v. Harris,* 634 F.2d 1076, 1079 (8th Cir.1980)

## REMEDY

■ The Commissioner's decision is not supported by substantial evidence on the record as a whole. Plaintiff prays for an outright reversal and an order to award benefits. Defendant prays for an affirmation of the ALJ's decision. Because the record was so poorly developed, the Court is not able to grant either prayer. Rather, the decision of the ALJ is reversed, and the case is remanded to the Commissioner for further development consistent with this opinion. On remand, the Commissioner shall instruct the ALJ to obtain the appropriate consultative examinations to properly diagnose Plaintiff's impairments and properly assess, with medical evidence, her residual functional capacity. Of course, if such evidence is available from one or more of Plaintiff's treating physicians, that would be the most preferable. Thereafter, at an administrative hearing, a vocational expert shall be asked a proper hypothetical question in order to establish whether or not a significant number of jobs exist that Plaintiff is able to perform in her condition which, it has already been determined, prevents her from performing her past relevant work.

The Commissioner shall, thereafter, issue a new decision consistent with the opinion of this Court.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (1994) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509

U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).