**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-2128

_____

Douglas D. Dorsey, Jr.,          *
                                      *

        Appellant,         *

                                        *   Appeal from the United States
    v.                      *   District Court for the
                                        *   Western District of Arkansas.

Kenneth S. Apfel, Commissioner of  *
Social Security,[*]                *    [UNPUBLISHED]
                                        *

        Appellee.          *

_____

Submitted: December 30, 1997
Filed: January 8, 1998

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

___

[*]Kenneth S. Apfel has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Douglas D. Dorsey, Jr. appeals the district court's[1] decision affirming the Commissioner's partially unfavorable decision granting only a closed period of disability insurance benefits from June 10, 1993, through August 8, 1994.

We affirm the Commissioner's denial of benefits where substantial evidence on the record as a whole supports the decision. See Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996). First, we note Dorsey incorrectly argues that the administrative law judge (ALJ) was required to assess his disability after August 8, 1994, under the medical improvements standard; that standard does not apply where, as here, disability, its extent, and its duration are determined in a single decision. See 42 U.S.C. § 423(f); Ness v. Sullivan, 904 F.2d 432, 435 n.4 (8th Cir. 1990); Camp v. Heckler, 780 F.2d 721, 721-22 (8th Cir. 1986) (per curiam).

We conclude substantial evidence supports the ALJ's decision. The ALJ properly evaluated Dorsey's subjective complaints, and his conclusions regarding the extent of Dorsey's pain are supported by the record, including the opinions of Dorsey's treating physician. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (factors); Jones v. Callahan, 122 F.3d 1148, 1153 (8th Cir. 1997) (question is not whether claimant suffers from pain, but whether claimant is "fully credible when he claims that his back hurts so much that it prevents him from engaging in gainful activity"). We find no merit to Dorsey's arguments that the ALJ failed to consider Dorsey's impairments in combination, see Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992), or that the hypothetical posed to the vocational expert (VE) was defective. See Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir.1985) (per curiam) ("hypothetical is sufficient if it sets forth the impairments which are accepted as true");

---

[1]The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

see also <u>Roe v. Chater</u>, 92 F.3d 672, 675 (8th Cir. 1996) (VE testimony based on proper hypothetical question constitutes substantial evidence).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.