# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2400

_____

Jan E. Eckelstafer,                                    *
                                                       *
                    Appellant,                         *
                                                       *    Appeal from the United States
        v.                                             *    District Court for the
                                                       *    Eastern District of Arkansas
JoAnne B. Barnhart, Commissioner,                      *
Social Security Administration,                        *        [UNPUBLISHED]
                                                       *
                    Appellee.                          *

_____

Submitted:   November 6, 2002

Filed:   November 14, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Jan E. Eckelstafer appeals from the final judgment entered in the District Court for the Eastern District of Arkansas,[1] affirming the grant of only a closed period of disability insurance benefits. For reversal Eckelstafer argues, inter alia, that the administrative law judge (ALJ) erred in (1) failing to apply the medical-improvement

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

standard, (2) discrediting her, and (3) failing to include all of her limitations in the hypothetical he posed to the vocational expert (VE). For the reasons discussed below, we affirm the judgment of the district court.

In her February 1996 application, Eckelstafer alleged disability since November 1994 from a back injury, seizures, blackouts, and memory and respiratory problems. After an administrative hearing, the ALJ found that Eckelstafer was entitled to a closed period of disability from November 1994 to August 1996, but that as of August 1996 she could perform the sedentary jobs identified by the VE.

In Camp v. Heckler, 780 F.2d 721, 721-22 (8th Cir. 1986) (per curiam), this court rejected the application of the medical-improvement standard in cases such as this one, where the ALJ determined in one proceeding the fact, extent, and duration of a claimant's disability. See Ness v. Sullivan, 904 F.2d 432, 434 & n.4 (8th Cir. 1990). Thus, our task is to determine whether the ALJ's decision--that Eckelstafer was capable of performing gainful work as of August 1996--was supported by substantial evidence on the record as a whole. See id. at 434-35 (substantial evidence constitutes such relevant evidence as reasonable mind might accept as adequate to support conclusion; court must consider weight of evidence in record both for and against conclusion reached). We conclude that it was so supported.

We also reject Eckelstafer's challenges to the ALJ's credibility findings and hypothetical. The ALJ cited the credibility factors listed in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and then gave multiple valid reasons for finding Eckelstafer's testimony credible to the extent it was consistent with her ability to perform a wide range of sedentary work, see Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (where adequately explained and supported, credibility findings are for ALJ to make). The hypothetical included more limitations than those found by the Social Security Administration reviewing physicians, it was consistent with the mental residual-functional-capacity findings of Eckelstafer's treating psychologist

and the examination findings of her treating neurosurgeon, and there is no support in the record for several of the limitations she now claims should have been included. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

We decline to address Eckelstafer's remaining arguments, as they are either raised for the first time on appeal, see Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (unless manifest injustice would result, argument not articulated to district court is subject to forfeiture on appeal), or provide no basis for reversal.

Accordingly, we affirm.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.