**John M. SOTH, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services of the United States, Defendant.**

Civ. No. 4–93–CV–10081.

United States District Court, S.D. Iowa, C.D.

July 20, 1993.

---

Robert W. Pratt, Des Moines, IA, for plaintiff.

John Beamer, Asst. U.S. Atty., Des Moines, IA, for defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks judicial review of the Health and Human Services Secretary's decision which denied him benefits under Title II of the Social Security Act, ("the Act"), 42 U.S.C. §§ 401 *et seq.* This Court may review a final decision by the Secretary, pursuant to 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on July 5, 1989. The Social Security Administration denied Plaintiff's application at the initial and reconsideration levels. Plaintiff requested a hearing which was held June 20, 1990. On August 30, 1990, an administrative law judge (ALJ) denied Plaintiff benefits.

On May 13, 1991, the Appeals Council remanded the case to the ALJ to obtain consultative examinations, complete a psychiatric review technique form, and reevaluate Plaintiff's status without giving significant weight to an unsigned report of contact. A second hearing was commenced on November 13, 1991. This hearing was continued to obtain additional information from a psychiatric consultant. A third hearing was held on April 22, 1992.

On May 8, 1992, the ALJ again determined Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 21, 1992, and Plaintiff filed the present complaint on January 28, 1993.

## II. FINDINGS OF THE SECRETARY

John "Mike" Soth was born June 8, 1935, and was 56 years old on the date of his third hearing. The ALJ found that Soth had not engaged in substantial gainful activity since June 2, 1989. Tr. 30, ¶ 2. The ALJ then found the medical evidence established Soth has chronic ulcerative colitis with episodic abdominal pain, "intermittent rectal bleeding and diarrhea," a history of gout, early onset dementia, and a general anxiety and/or somatoform disorder, but does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpt. P, Regulations No. 4." Tr. 30, ¶ 3.

The ALJ determined Plaintiff's testimony regarding the severity of his symptoms and functional limitations was exaggerated, not fully credible and "not substantially supported by medical evidence and opinion" when evaluated as a whole. Tr. 30 ¶ 4.

The ALJ concluded Plaintiff should not lift more than 25 pounds repetitively and 50 pounds maximum, drive for prolonged periods, or perform "complex-technical work at a professional level requiring constant very close attention to detail and use of independent judgment." In addition, Plaintiff should not work in close contact with the public, coworkers or supervisors, but should have occasional supervision, and must have access to restrooms "as needed." The ALJ concluded Plaintiff should not work at a stress level greater than 5 on a scale of 1 to 10. Tr. 30, ¶ 5.

The ALJ found Plaintiff could not perform his past relevant work as a products mechanical design engineer, but had the residual functional capacity for a full range of medium-level work, reduced by the limitations listed above. Tr. 29–30, ¶¶ 6–7. Based on testimony from a vocational expert, the ALJ found Plaintiff's characteristics and residual functional capacity enabled him to perform jobs which exist in significant numbers in the national economy, including hand packager and laundry worker. Tr. 31, ¶ 11.

The ALJ concluded Plaintiff was not disabled as defined in the Social Security Act. Tr. 31, ¶ 12.

## III. APPLICABLE LAW AND DISCUSSION

■ Plaintiff's primary argument on appeal is that the Secretary failed to meet her burden to prove by medical evidence Plaintiff has the residual functional capacity to per-

form "medium" level work. This Court agrees.

The Eighth Circuit has repeatedly stated that once a claimant has proven he is no longer able to perform his past relevant employment, the burden shifts to the Secretary to prove first "that the claimant has the residual functional capacity to perform other kinds of work," *and* second, "that there are jobs available in the national economy that can realistically be performed by someone with the claimant's qualifications and capabilities." *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983); *see also Talbot v. Bowen,* 821 F.2d 511, 514 (8th Cir.1987); *O'Leary v. Schweiker,* 710 F.2d 1334, 1338 (8th Cir. 1983). The Secretary must prove a claimant's residual functional capacity "by medical evidence." *Talbot v. Bowen,* 821 F.2d at 514.

In the present case, the ALJ concluded Plaintiff could no longer perform his past relevant work as a mechanical design engineer. However, the ALJ then shifted the burden of proof only on one-half of the two-part test outlined above. Specifically, the ALJ stated:

> Based on that residual functional capacity [*previously* determined by the ALJ], the vocational expert testified the claimant could not perform his past relevant work activity as a products mechanical design engineer.... Accordingly, the burden shifts to the Secretary to show there are a significant number of jobs capable of performance by the claimant in the regional and national economy.

Tr. 28.

As argued by Plaintiff, the Secretary also had the burden to establish Plaintiff's residual functional capacity by medical evidence.[1]

■ After reviewing the record, the Court finds there is no medical evidence, and very little subjective evidence pertaining to Plain-

tiff's residual functional capacity, and in particular, to his lifting restrictions. Plaintiff testified during his initial hearing that he could lift 10 to 15 pounds. Tr. 124. The ALJ discredited this testimony pursuant to *Polaski v. Heckler,* 739 F.2d 1320, 1322, *supplemented,* 751 F.2d 943 (8th Cir.1984), *vacated,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974, *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). Nevertheless, drawing a conclusion regarding Plaintiff's credibility is not equivalent to proving by *medical* evidence that Plaintiff could lift twenty-five pounds regularly and fifty pounds occasionally.

Plaintiff's treating gastroenterologist, Jeffrey Stahl, M.D., stated on July 19, 1989, there was nothing to "indicate the need for disability." Tr. 236. Yet he made this statement only a few weeks after Plaintiff "retired" from his job as a mechanical engineer, which required sedentary to light levels of work. The Court cannot speculate as to whether Dr. Stahl would reach the same conclusion if Plaintiff's occupation required medium level work. The opinions of two social security consultants that Plaintiff can perform medium-level work also fail to fulfill the Secretary's burden of proof. Tr. 238–253. *See Brock v. Secretary of Health and Human Servs.,* 791 F.2d 112, 114 (8th Cir. 1986) ("[S]tatements of physicians who never personally examined the claimant but only reviewed the reports of examining physicians ... do not constitute substantial evidence on the record as a whole.")

Plaintiff's precise weight limitations are quite important. If Plaintiff is capable of performing only light or sedentary work, the Social Security regulations mandate a finding of disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, Appendix 2 (1990). The case is therefore remanded for a medical determination either from one of Plaintiff's treating physicians, or

---

1. The Secretary cites *Bowen v. Yuckert,* 482 U.S. 137, 146, 107 S.Ct. 2287, 2993–94, 96 L.Ed.2d 119 (1987), for the premise that the burden of establishing a medically determinable impairment remains with the claimant. The Secretary has taken the *Yuckert* language out of context. In *Yuckert,* the Supreme Court found that the claimant must show he has a medically determinable impairment that " 'significantly limits' " " 'the abilities and aptitudes necessary to do most jobs.' " *Id.* at 146, 107 S.Ct. at 2293 (*citing* 20 C.F.R. §§ 404.1520(c), 404.1521(b) (1986) ). In the present case, the ALJ concluded Plaintiff satisfied his burden of proving his impairment was "severe" to the extent it prevented him from returning to his prior employment. Thus, based on Eighth Circuit law, a shift in the burden back to the Secretary is appropriate.

from a qualified medical professional who personally examines Plaintiff, as to Plaintiff's appropriate weight limitations. *See e.g. Rainey v. Bowen,* 814 F.2d 1279, 1282 (8th Cir. 1987) (Remand appropriate where Secretary fails to recognize shift in burden of proof).

Furthermore, although not a deciding factor in the ALJ's decision, the Court is deeply troubled by Plaintiff's alcohol use, and its potential effects on his colitis. Robert Shires, M.D., Plaintiff's family practitioner, mentioned Plaintiff's alcohol use on at least two occasions, but never stated conclusively that it exacerbated Plaintiff's colitis. The records are also unclear as to whether Plaintiff was told his alcohol definitely affected his condition. *See* Tr. 290 (Dr. Shires indicates Plaintiff's "lab values" were "probably alcohol related.")

The psychological examinations performed by Sam L. Graham, Ph.D., reveal no evidence of a current psychological inability to control alcohol use. Tr. 311. Therefore, if Plaintiff's three to four drinks per day indeed affect Plaintiff's condition—and Plaintiff has been made aware of this fact—Plaintiff's failure to stop drinking may affect his ability to collect benefits. *See Weber v. Harris,* 640 F.2d 176, 178 (8th Cir.1981).

## IV. CONCLUSION

It is the duty of the ALJ to develop the record fully and fairly. *Delrosa v. Sullivan,* 922 F.2d 480, 485 (8th Cir.1991). This case is hereby REMANDED to the Secretary for further proceedings consistent with this order. The Clerk's office is directed to enter an immediate Judgment of Remand. Counsel for Plaintiff has thirty days following expiration of the time for appeal of this order in which to make an application for EAJA fees. *See Shalala v. Schaefer,* — U.S. —, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

IT IS SO ORDERED.