John M. SOTH, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

Civil No. 4–95–CV–10312.

United States District Court, S.D. Iowa, Central Division.

March 14, 1996.

Robert W. Pratt, Des Moines, IA, for Plaintiff.

John E. Beamer, Assistant U.S. Attorney, Des Moines, IA, for Defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Commissioner of Social Security's decision denying him social security benefits. Claimant asserts he is entitled to benefits under Title II of the Social Security Act (Disability Insurance Benefits). Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Commissioner. A telephonic hearing was held by the Court on March 12, 1996.

## I. PROCEDURAL HISTORY

John Soth, currently age 60, applied for Social Security benefits on July 5, 1989, alleging disability due to ulcerative colitis. He was denied benefits and a reconsideration of that decision. Pursuant to a timely request, a hearing was held before an Administrative Law Judge ("ALJ") on June 20, 1990. The ALJ found plaintiff was not under a disability as defined by the Act. On May 13, 1991, the Appeals Council remanded the case to the ALJ to obtain consultative examinations, to complete a psychiatric review technique form, and to afford less weight to an unsigned report of contact. On May 8, 1992, following second and third hearings,[1] the ALJ again found plaintiff was not disabled. The Appeals Council denied plaintiff's request for review, and a complaint was filed in this Court. On July 20, 1993, this Court reversed the decision of the ALJ, and remanded the case for further administrative proceedings.

A fourth hearing was held on June 22, 1994, and a decision adverse to plaintiff issued on July 22, 1994. The Appeals Council denied review on March 10, 1995, and a complaint was filed in this Court on May 3, 1995.

## II. FINDINGS OF THE COMMISSIONER AND DISCUSSION

The issue in this case is whether substantial evidence on the record as a whole supports the Commissioner's decision that plaintiff is not disabled under the Act, given that both parties agree plaintiff is limited to light or sedentary work. *See* App. at 37 (plaintiff found to have residual functional capacity to perform sedentary or light work, reduced by limitations indicated).

In its earlier order of remand, entered July 20, 1993, this Court stated:

> Plaintiff's precise weight limitations are quite important. If Plaintiff is capable of performing only light or sedentary work, the Social Security regulations mandate a finding of disabled. The case is therefore remanded for a medical determination either from one of Plaintiff's treating physicians, or from a qualified medical professional who personally examines Plaintiff as to Plaintiff's appropriate weight limitations.

*Soth v. Shalala,* 827 F.Supp. 1415, 1417 (S.D.Iowa 1993) (citations omitted).

Because the Commissioner was unable to prove on remand that plaintiff was capable of performing medium-level work, plaintiff now claims the law of the case doctrine mandates an order of reversal. *See e.g. Clarke v. Bowen,* 843 F.2d 271, 276 (8th Cir.1988) (Larson, J. dissenting) (discussing law of the case doctrine). This Court agrees. The Commissioner's decision is REVERSED. The Commissioner is directed to award benefits consistent with a finding of disability as of June 2, 1989.

IT IS SO ORDERED.

---

1. A second hearing was held strictly to obtain additional information from a medical consultant.