_____

No. 96-2102
_____

Patricia A. Lawrence,                    *
                                         *
        Appellant,                       *
                                         *    Appeal from the United States
    v.                                   *    District Court for the
                                         *    Eastern District of Arkansas.
Shirley S. Chater, Commissioner          *
of the Social Security                   *
Administration,                          *
                                         *
        Appellee.                        *

_____

Submitted:  December 10, 1996

Filed: February 27, 1997
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

    Patricia Lawrence appeals from the district court's[1] order affirming
the Commissioner's denial of her application for Supplemental Security
Income (SSI) and Disability Insurance Benefits (DIB).  We affirm.

**I.**

    At the time Lawrence filed for benefits, she was thirty-one years
old.  She has a twelfth grade education and employment experience as a
cook, cashier, nurse's aide, janitor, press operator, and most recently as
a sewing machine operator.

---

[1]The Honorable Garnett Thomas Eisele, United States District
Judge for the Eastern District of Arkansas, adopting the report and
recommendation of the Honorable Jerry Cavaneau, United States
Magistrate Judge for the Eastern District of Arkansas.

Lawrence's applications for SSI and DIB were filed on September 8, 1992. She claimed that on February 7, 1992, she sustained a back injury while working as a sewing machine operator and has been unable to work since then. At a hearing before an administrative law judge (ALJ), Lawrence asserted that the injury to her back caused "extreme pain" in her back and numbness in her extremities, resulting in her inability to sit or stand for periods longer than fifteen minutes at a time, in some loss of use of her hands, and in her decreased ability to perform household tasks. She also claims that the back injury has affected her nerves, causing her to tremble, and that her knees "buckle up," limiting the distance she can walk.

The ALJ found that Lawrence suffered from severe back problems but that she retained the residual functional capacity to perform her past relevant work. Specifically, the ALJ found that although Lawrence has slight restriction of movement in her low back, she has full use of the upper extremities and would be able to perform a wide range of light work, thus enabling her to perform her past relevant work as a sewing machine operator. The ALJ denied benefits, and the Appeals Council denied Lawrence's request for review.

On appeal, Lawrence argues that the Commissioner's decision is not supported by substantial evidence because the ALJ's credibility determinations do not have a sound basis and his residual functional capacity determination and his conclusion that Lawrence can perform her past relevant work are contradicted by medical evidence.

**II.**

Our review entails determining only whether the Commissioner's decision is supported by substantial evidence on the record viewed

as a whole.  See Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996).
"`Substantial evidence is less than a preponderance, but enough so that a
reasonable mind might find it adequate to support the conclusion.'" Id.
(quoting Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)).

Lawrence complains of extreme pain in her back, loss of use of her
hands, and numbness in her legs and feet.  The medical evidence, however,
is not consistent with Lawrence's testimony relating to her degree of pain
and disability.

On February 14, 1992, one week after Lawrence alleges that she
sustained her injury, the examining physician diagnosed her with "upper
back strain."  The physician's notes indicate that no fracture,
dislocation, or prevertebral soft tissue swelling was noted, and X-rays
taken on that date were normal.  When Lawrence was examined again on
February 27, 1992, the physician again reviewed the X-rays and concluded
that they were normal.  His notes indicate that his examination revealed
an "intact neurologic exam" and that Lawrence's sensory, motor, and deep
tendon reflexes were intact and equal bilaterally.

Through an examination on July 30, 1992, the physician determined
that Lawrence had a mild diffuse disc bulge but that everything else was
normal.  A follow-up examination on August 6, 1992, revealed an intact
neurologic exam and negative straight leg raising, and the doctor
recommended that Lawrence perform prescribed exercises.

On November 30, 1992, Dr. Joel Price examined Lawrence, and although
he prescribed two pain medications, he also determined that her complaints
were "spurious or exaggerated."  Examinations on February 24 and March 3,
1993, again revealed only a small focal disc herniation, which did not
"appear to efface the thecal sac, displace the nerve roots or produce a
spinal stenosis."

On August 2, 1993, Dr. Jon D. Collier determined that Lawrence had a thirty-five percent total disability. In a September 10, 1993, examination, however, Dr. Tom Miller found that although Lawrence suffered from a focal disc herniation, he found no clear root compression and concluded that Lawrence was not a candidate for surgery. Dr. Miller found that there was moderate restriction of motion in Lawrence's back and that Lawrence had some decreased sensation in her left foot and toes. Dr. Miller's opinion was that Lawrence had a permanent partial impairment rating of only ten percent, and the only restriction he placed upon her activities was that she could not lift more than thirty-five pounds.

Lawrence contends that she cannot sit or stand for longer than fifteen minutes at a time, cannot walk long distances, and cannot hold things with her hands very long. Lawrence acknowledges, however, that she can dress and bathe herself, and that she is able to do some housework, cooking, and shopping.

We conclude that the medical evidence and the level of Lawrence's daily activities contradict Lawrence's testimony regarding the severity of her pain and disability. The ALJ therefore properly discredited those complaints. See Clark v. Chater, 75 F.3d 414, 417 (8th Cir. 1996) (ALJ may discredit complaints that are inconsistent with evidence, including medical reports and daily activities). Likewise, the ALJ properly discredited Lawrence's husband's testimony, finding that it was motivated by his desire to see Lawrence obtain benefits. See Brown v. Chater, 87 F.3d 963, 965-66 (8th Cir. 1996) (ALJ could discredit testimony that was suspect).

Moreover, the record supports the ALJ's determination that Lawrence could perform light work. Light work "involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds" and may also require "a good deal of walking or standing." 20 C.F.R. § 404.1567(b) (1996).

Lawrence stated on her vocational report that at her most recent job she lifted only seat cover parts and the covers themselves and that at another sewing job she lifted no more than twenty pounds.  In addition, Dr. Miller restricted Lawrence to lifting no more than thirty-five pounds.  Although Lawrence indicated in the vocational report that those jobs required frequent bending and long periods of either sitting or standing, her assertion that she is unable to do these things, as we have explained above, is not supported by the evidence.

Although we recognize that there is some evidence that Lawrence has in fact sustained a back injury and is in some degree of pain, we may not reverse the ALJ's determination simply because there is substantial evidence supporting an opposite result.  See Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996).

We conclude that substantial evidence supports the determination that Lawrence can do light work and that she is therefore able to perform her past relevant work.

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.