**Russell OZBUN, Plaintiff,**

v.

**John CALLAHAN, Ph.D.,[1] Commissioner of Social Security, Defendant.**

**Civil No. 4–96–CV–90637.**

United States District Court,
S.D. Iowa,
Central Division.

July 1, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater as defendant in this action.

Danny C. Wilmoth, Legal Services Corp. of Iowa, Des Moines, IA, for Plaintiff.

Christopher D. Hagan, Asst. U.S. Attorney, Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER OF REVERSAL

PRATT, District Judge.

Plaintiff Russell Ozbun seeks judicial review of the Social Security Commissioner's decision denying his insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and 1381 *et seq.* This court may review a final decision by the Commissioner. 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff filed an application for disability benefits on February 1, 1993, claiming an onset of disability date of November 2, 1991. His applications were denied initially, and upon reconsideration. After a hearing, Administrative Law Judge Gary L. Vanderhoof, (the first ALJ) issued a decision on March 31, 1994, denying benefits. On September 20, 1994, the Appeals Council denied Plaintiff's request for review. Subsequently, Plaintiff filed a Complaint in the United States District Court. On January 4, 1996, the Court, the Honorable Harold D. Vietor, remanded the case to the Commissioner. A hearing was held before Administrative Law Judge Donald R. Holloway (the second ALJ) who issued a decision May 13, 1996, again denying benefits. The Appeals Council denied review on June 18, 1996 and Plaintiff filed a Complaint August 15, 1996. The matter is now fully submitted to the Court.

## THE FIRST ALJ'S FINDINGS

The first ALJ found that Plaintiff met the earnings requirement of the Act on his alleged onset of disability date and continued to meet them through the end of December, 1996. The ALJ, following the sequential evaluation found at 20 C.F.R. §§ 404.1520, 416.920, found that Plaintiff had not engaged in substantial gainful activity since November 2, 1991. Tr.P. 22. The ALJ found that Plaintiff has severe impairments: decreased intellectual functioning (verbal IQ of 74, performance IQ of 92, and full scale IQ of 79) and is status post right lateral retinacular release of the right knee. The ALJ found that none of Plaintiff's impairments are severe enough to meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found that Plaintiff is unable to do any of his past relevant work, but, at step 5, found that there is unskilled work which exists in significant numbers that Plaintiff is capable of performing.

## THE DECISION OF THE COURT

In the Memorandum Opinion And Order Of Remand To The Commissioner filed January 4, 1996, the Court held that the first ALJ's hypothetical question to the vocational expert was insufficient because it did not mention the partial amputation of three fingertips on Plaintiff's dominant hand. The case was remanded to the Commissioner for the purpose of asking the vocational expert to determine whether the amputation created vocational limitations which were, or were not, compatible with unskilled sedentary work.

## THE SECOND ALJ'S FINDINGS

At the hearing held April 10, 1996 in front of the second ALJ, testimony was taken from Plaintiff and his wife. Plaintiff testified that he had returned to work in April, 1995. Tr.P. 327. Although a vocational expert was

present in the hearing room (Tr.PP.324–25), no testimony was taken from him.

In the Notice of Decision, dated May 13, 1996, the second ALJ stopped the sequential evaluation at the second step, i.e., he found that Plaintiff "does not have a severe impairment". Tr.P. 303.

## DISCUSSION

In *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.1997), Judge Hansen wrote: "We will affirm the Commissioner's decision to deny SSI benefits unless it is unsupported by substantial evidence in the record as a whole or based on legal error. *Newton v. Chater*, 92 F.3d 688, 691–92 (8th Cir.1996)." In the opinion of the Court this case contains legal error which requires reversal.

■ This case was remanded to the Commissioner, by the Court, for a specific purpose, i.e. to determine whether or not there is a significant number of unskilled sedentary jobs in the national economy which Plaintiff is capable of performing in view of the limitation of Plaintiff's left, dominant, hand. Plaintiff had a reasonable expectation that this would be the only issue addressed at the hearing of April 10, 1996. At the hearing, Plaintiff's attorney stated: "... it was my understanding that this (hearing) was going to be limited to the issue raised on the remand." The second ALJ responded: "I think it is." Tr.P. 324. The vocational expert was not called upon to provide any testimony, so on April 16, 1996, when Plaintiff's attorney wrote to the ALJ, he stated: "I assume that you are going to find him disabled since you did not ask the vocational expert any questions." Plaintiff's expectation, that there were certain issues that had been settled during the prior proceeding, was reasonable under the law of the case doctrine. In *Clarke v. Bowen*, 843 F.2d 271, 276 (8th Cir.1988), in a dissenting opinion, Judge Larson wrote:

> "The law of the case doctrine prevents the relitigation of the settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decision, and promoting judicial efficiency. *Little Earth of the United Tribes, Inc. v. HUD*, 807 F.2d 1433, 1441 (8th Cir.1986).

The Secretary has acknowledged in prior cases that he is bound on remand to follow the law of the case doctrine, *Hillhouse v. Harris*, 547 F.Supp. 88, 92 (W.D.Ark.1982), aff'd, 715 F.2d 428 (8th Cir.1983) ..."

\*      \*      \*      \*      \*      \*

I believe it is fundamentally unjust for the Secretary to "reshuffle the cards"—particularly without notice— ...

See also, *Soth v. Chater*, 937 F.Supp. 840 (S.D.Iowa 1996). In his brief, Plaintiff argues that it was error for the ALJ to deviate from the remand order of the Court. Plaintiff also argues that the findings of the first ALJ that Plaintiff has severe impairments that prevent him from doing his past relevant work are the law of the case. This Court agrees with both of these arguments.

■ Addressing the issue of remedy, Plaintiff argues that additional proceedings would merely delay the receipt of benefits. Plaintiff also argues that because he has already waited 4 years, and because he is now seeking a closed period of disability, that an award of benefits is the appropriate remedy. This Court agrees. In *Bradley v. Bowen*, 800 F.2d 760, 765 (8th Cir.1986), Judge Heaney wrote:

> We are convinced that Bradley proved that he cannot return to any past relevant work. Ordinarily, the burden would then shift to the Secretary, and he would be given a chance to prove that there are other jobs that Bradley can perform. However, there has already been one remand and we are not confident that a second remand will produce a correct decision.

Plaintiff argues that he is entitled to a trial work period. In *Tepfer v. Secretary of Health And Human Services*, 712 F.Supp. 156, 157 (W.D.Ark.1989), then District Judge Morris Sheppard Arnold wrote:

> On the other hand, 20 C.F.R. § 404.1592 provides for a "trial work period" during which a claimant "may test ... [his] ability to work and still be considered disabled." 20 C.F.R. § 404.1592(a). A claimant may begin a "trial work period" after he becomes entitled to benefits. 20 C.F.R.

§ 404.1592(e). Such entitlement begins five months after the onset of disability. 42 U.S.C. § 423(c)(2). A claimant may engage in trial work for nine months. 20 C.F.R. § 404.1592(e).... Services performed during the trial work period will not be considered in determining whether a claimant's disability has ended during that period. 20 C.F.R. § 404.1592(a).

See also, *Newton v. Chater*, 92 F.3d 688 (8th Cir.1996).

Plaintiff met his burden of proving that he is unable to do his past relevant work. The Commissioner was given two opportunities to meet his burden of proving that Plaintiff has a residual functional capacity for other work. The Commissioner failed to meet his burden both times.

## DECISION

Defendant's motion to affirm the Commissioner is denied. This cause is remanded to the Secretary for computation and payment of benefits. In computing the amount of Plaintiff's past due benefits, the Commissioner shall properly determine when Plaintiff's trial work period began, and, if Plaintiff's return to work was successful, when the benefits should be terminated. 20 C.F.R. §§ 404.1592 & 416.992.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act. *See Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)).